THE PEOPLE, RESPONDENT, *v.* GESTERA, APPELLANT.

APPEAL from the District Court of San Juan, Section 2.

No. 511.—Decided January 20, 1913.

CRIMINAL LAW—SANITARY REGULATIONS—RAT-PROOFING HOUSES—INFORMATION, INSUFFICIENT.—The information is defective because it does not allege whether the building ordered to be made rat-proof is a dwelling with a wooden lower floor or a building used as a market, warehouse, storehouse, bakery, pastry factory, canning factory, distillery, confectionery shop, store, grocery, wine cellar, pier, hotel, restaurant, café, eating house or booth. Decided on the grounds of the opinion rendered in Case No. 496, *The People* v. *Blanco*, 18 P. R. R., 980.

ID.—INFORMATION, INSUFFICIENT—DEFECT NOT PLEADED.—The defect in the information is of such a nature that it may be considered by this court although it was not pleaded by the appellant in this court and it does not appear whether he did so in the trial court.

The facts are stated in the opinion.

*Mr. Charles E. Foote, fiscal,* for The People.

The appellant did not appear.

MR JUSTICE ALDREY delivered the opinion of the court.

The following information was filed in the District Court of San Juan, Section 2, against the appellant, Teótimo Gestera:

"The *fiscal* files an information against Teótimo Gestera for the violation of Sanitary Regulation No. 3 governing the construction and rat-proofing of buildings and their outhouses, promulgated according to law on July 15, 1912, thereby committing a misdemeanor in the following manner: The said Teótimo Gestera on or about August 7, 1912, in San Juan, which forms part of the judicial district of San Juan, was served by Health Inspector J. A. Torres with an order of the Director of Sanitation requiring him to proceed within two days from the date of the notice to make the following repairs to his house on San Agustín Street marked by the Board of Health with No. 28, District 31, to wit, to raise the house to a height of two

feet from the ground or surround it with concrete foundation walls extending from two feet below the surface of the ground to the floor of the house and fitting perfectly therewith. Said Teótimo Gestera unlawfully and wilfully allowed the time given him to elapse without having made the repairs mentioned, nor has he made them up to this date. This is contrary to the law in such case made and provided and against the peace and dignity of The People of Porto Rico. (Signed) J. Sifre, District *Fiscal.* The foregoing information is based upon the testimony of witnesses examined under oath, and I solemnly believe that there is a just cause for presenting the case to this court. (Signed) J. Sifre, District *Fiscal.*"

This appeal was taken from a judgment of conviction rendered by said court, but the appellant filed no statement of the case, bill of exceptions or assignment of errors, and also failed to appear at the hearing. The *fiscal* of this court, both orally and in his written report in the case, asked that the judgment be affirmed.

In the case of *The People* v. *Enrique Blanco,* 18 P. R. R., 980, this court held that an information for the offense charged in this case is insufficient and does not contain all the essential elements necessary in order that the facts may constitute a violation of the Health Regulations unless it allege whether the house or building ordered to be made rat-proof is a dwelling house with a wooden lower floor or is a building used as a market, warehouse, storehouse, bakery, pastry factory, canning factory, distillery, confectionery shop, store, grocery, wine cellar, pier, hotel, café, restaurant, eating house or booth.

In this case, as in that of *The People* v. *Blanco,* these essential elements are lacking in the information filed by the *fiscal,* and although the insufficiency of the information has not been pleaded by the appellant in this court, nor do we know whether he did so in the lower court, the nature of the defect is such that we may take it into consideration inasmuch as it is our duty to determine whether the information charges the commission of a crime.

The judgment appealed from should be reversed.

*Reversed.* ·

Chief Justice Hernández and Justices MacLeary and del Toro concurred.

Mr. Justice Wolf did not take part in the decision of this case.